IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
DOCKET NO. 23-4272

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Plaintiff-Appellee,* | ) |
| | ) |
| vs. | ) |
| | ) |
| JESSE ERIC STUCKEY, | ) |
| | ) |
| *Defendant-Appellant.* | ) |
| _____ | ) |

## **MOTION TO DISMISS APPEAL**

The United States of America respectfully moves to dismiss Jesse Eric Stuckey's appeal of his criminal sentence.   The appellate waiver that Stuckey knowingly and voluntarily executed as part of his plea agreement bars his challenge to a condition of supervised release requiring Stuckey to take prescribed mental-health medications, which the district court imposed without objection.   And Stuckey's contention that his attorney was deficient for omitting to object to that condition warrants dismissal because the record does not conclusively establish that the performance of his attorney was constitutionally deficient.

# BACKGROUND

After Stuckey participated in an armed methamphetamine trafficking operation and sold methamphetamine and firearms to an undercover law-enforcement officer, a grand jury in the Western District of North Carolina indicted Stuckey and charged him with five counts. J.A. 86–94, J.A. 99–102, J.A. 104. Among the counts was a charge of possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c). A conviction for that offense requires a mandatory-minimum consecutive sentence of at least 5 years' imprisonment. 18 U.S.C. § 924(c)(1)(a)(i), (c)(1)(D); J.A. 118.

Stuckey agreed to plead guilty to three counts as part of a written plea agreement with the United States — two methamphetamine counts and one count of possession of a firearm by a convicted felon. J.A. 10. Stuckey represented that he was aware that each of those three counts carried penalties that included prison and "supervised release." J.A 10. And he understood that a "violation of supervised release" may subject him to an additional period of incarceration. J.A. 10. In exchange, the United States agreed to move to dismiss the

2

remaining counts, including the § 924(c) count.   J.A. 10.   The parties

also agreed to make several recommendations to the district court at

sentencing.   J.A. 11.

As part of his plea agreement, Stuckey waived his right to appeal

his conviction and sentence on grounds other than ineffective assistance

of counsel or prosecutorial misconduct.   J.A. 13.   "The defendant," the

agreement states, "in exchange for the concessions made by the United

States in this Plea Agreement, waives all rights to contest the

conviction and sentence in any appeal or post-conviction action."   J.A.

13.   "Claims of (1) ineffective assistance of counsel and (2) prosecutorial

misconduct, and those claims only," the agreement continues, "are

exempt from the waiver."   J.A. 13.

A United States Magistrate Judge accepted Stuckey's guilty plea

after conducting a thorough plea colloquy.   J.A. 18–33.   Stuckey was

represented by counsel and placed under oath.   J.A. 18–19.   He

affirmed that he understood the charge to which he was pleading guilty

and the applicable penalties.   J.A. 20–22.   He told the court that he

understood that the district judge may order a term of "supervised

3

release" as part of his sentence, and that he could be returned to prison if he violates the terms and conditions of that release.   J.A. 23.   And he told the court that he is "in fact guilty" of the count charged.   J.A. 24.

In response to specific questions about his appellate waiver, Stuckey confirmed that the right to appeal his conviction and sentence had been expressly waived in the plea agreement.   J.A. 25–26.   The magistrate judge found Stuckey's plea to be "knowingly and voluntarily made" and accepted it.   J.A. 27.

The district court's probation office prepared a presentence report.   J.A. 95.   The report informed Stuckey that the court may impose conditions of supervised release that the district court had adopted in a standing order.[1]   J.A. 120.   It directed the parties to a website at which the standing order may be viewed.   J.A. 120.

---

[1] *See In re:   Mandatory and Discretionary Conditions of Probation and Supervised Release*, No. 3:21-mc-3 (W.D.N.C. Sept. 30, 2021) (Doc. No. 4) (hereinafter "*Standing Order*"), available at https://www.ncwp.uscourts.gov/sites/default/files/post-conviction/Mandatory_and_Discretionary_Conditions_Order_9-30-2021.pdf.

4

The presentence report explained that Stuckey had reported
mental-health diagnoses and discussed medical records corroborating
them.   J.A. 116.   Stuckey reported receiving treatment for
approximately seven years, and his medical records indicated that he
had been prescribed mental-health medication.   J.A. 116.   Stuckey
stated that he was interested in "any available mental health treatment
programs."   J.A. 116.

Separately from the supervised-release conditions described in the
district court's standing order, the presentence report proposed a
condition requiring Stuckey to participate in a mental-health treatment
program.   J.A. 120.   The proposed condition states, "The defendant
shall participate in a mental health evaluation and treatment program
and follow the rules and regulations of that program.   The probation
officer, in consultation with the treatment provider, will supervise the
defendant's participation in the program . . ..   The defendant shall take
all mental health medications as prescribed by a licensed health care
practitioner."   J.A. 120.   Although he filed several objections to the
presentence report, Stuckey did not object to the report's discussion of

5

his history of mental-health diagnoses, treatment, or medication.   J.A. 121–122.   And he did not object to the special supervised-release condition that the report proposed.   J.A. 121–122.

During Stuckey's sentencing hearing, the district court confirmed that Stuckey had received and read a copy of his presentence report. J.A. 47.   Stuckey confirmed that he had the opportunity to go over the report with his attorney.   J.A. 47.   And his attorney had answered any questions Stuckey had regarding the report.   J.A. 47.

The district court also reviewed Stuckey's plea colloquy with Stuckey.   J.A. 43–47.   Stuckey confirmed that his answers during the plea colloquy were true and correct and that he would have answered them the same way if the court were to ask them again the day of his sentencing.   J.A. 44.   Without objection, the court adopted the magistrate judge's findings that Stuckey entered his plea knowingly and voluntarily.   J.A. 45–47.

At sentencing, Stucky sought a downward departure and variance from the range of prison sentences advised by the United States Sentencing Guidelines, telling the court that he "obviously" needs

6

"mental health treatment."    J.A. 57.    He argued that his offense and criminal history were "driven by a drug addiction."    J.A. 53–54.    And he argued that his history suggested that he was the kind of person who would get a job and "get on the right track."    J.A. 58.

The district court sentenced Stuckey to a term of imprisonment of 200 months, below the range the Sentencing Guidelines advised.    J.A. 71, J.A. 124–125.    The court noted, among other things, that it believed Stuckey was "very sincere about turning his life around."    J.A. 68.

Without objection, the court imposed three years of supervised release.    J.A. 72.    It imposed the conditions that appear in its standing order, after finding, without objection, that each condition is appropriate for Stuckey and no more restrictive than reasonably necessary to achieve the purposes of supervised release.    J.A. 70–71. The court also imposed the additional condition proposed in the presentence report requiring Stuckey to participate in a mental-health treatment program and take all mental health medications prescribed by a licensed health care practitioner.    J.A. 72, J.A. 81.    After describing the sentence, including the conditions of supervised release,

the court asked if there was any legal reason the sentence should not be imposed.   J.A. 74.   Stuckey replied, "No, Your Honor."   J.A. 74.

Consistently with its promise under the plea agreement, the United States moved to dismiss the counts to which Stuckey had not pleaded guilty.   J.A. 74.   The district court granted the motion.   J.A. 74.

On appeal, Stuckey presents two challenges to the condition requiring him to take prescribed mental-health medications while serving the supervised-release component of his sentence.   *Br. of Appellant* 2.   He contends that the district court plainly erred by imposing the condition because it is unconstitutional.   *Id.* at 2, 8–12. And he contends that his attorney's omission to object to the condition rendered his performance constitutionally deficient.   *Id.* at 2, 12–16.

## DISCUSSION

This Court should dismiss Stuckey's appeal.   Stuckey's appellate waiver bars his contention that the district court plainly erred by imposing a supervised-release condition requiring him to take prescribed mental-health medications.   And this Court should dismiss

8

Stuckey's claim of ineffective assistance of counsel because the record does not conclusively establish that the performance of his attorney was constitutionally deficient.

### A. Stuckey waived his challenge to the constitutionality of his supervised-release condition as part of his plea agreement.

United States respectfully requests that this Court dismiss Stuckey's challenge to the district court's imposition of the supervised-release condition requiring him to take prescribed medications as part of his sentence, because Stuckey waived his right to appeal his sentence. "When the government seeks to enforce an appeal waiver and has not breached the plea agreement," this Court has explained that it "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Stuckey does not contend that the United States breached the plea agreement. The record demonstrates that the waiver "is valid." *Id.* And Stuckey's contention that the district court plainly erred when imposing the supervised-release component of his sentence is "within the scope," *id.*, of Stuckey's

9

waiver of "all rights to contest the . . . sentence in any appeal" on grounds other than ineffective assistance of counsel or prosecutorial misconduct, J.A. 13.

First, the record demonstrates that Stuckey's appellate waiver is "valid." *Boutcher*, 998 F.3d at 608. "A 'valid' waiver is one entered by the defendant knowingly and intelligently." *Id.* This Court considers the waiver's validity in the light of the "totality of the circumstances." *Id.* "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions," this Court has explained that it "generally will hold that the waiver is valid." *Id.* The district court questioned Stuckey about his appellate waiver, and his sworn response made clear that he understood that his right to appeal his sentence had been "expressly waived" in his "plea agreement." J.A. 25–26. Stuckey's appellate waiver is valid, *Boutcher*, 998 F.3d at 608, and Stuckey does not contend otherwise.

Second, the "issue being appealed" — the constitutionality of a component of the supervised-release portion of Stuckey's sentence —

10

falls firmly "within the scope," *Boutcher*, 998 F.3d at 608, of Stuckey's
waiver of "all rights to contest the . . . sentence in any appeal," J.A. 53.
This Court has held that an appellate waiver covers arguments that
particular supervised-release "conditions cannot reasonably be applied"
to a defendant. *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir.
2021). And it has repeatedly held challenges to supervised-release
conditions barred by comparable waivers. *See, e.g.*, *United States v.
Gaines*, No. 21-4195, 2023 WL 5745367, at *3 (4th Cir. Sept. 6, 2023)
(unpublished decision); *United States v. Sharp*, No. 22-4383, 2023 WL
4249359, at *1 (4th Cir. June 29, 2023) (unpublished decision); *United
States v. Spencer*, No. 21-4081, 2023 WL 244999, at *1 (4th Cir. Jan. 18,
2023) (unpublished decision); *United States v. Spencer*, No. 21-4443,
2022 WL 16707057, at *1 (4th Cir. Nov. 4, 2022) (unpublished decision).

Stuckey cannot evade his waiver of his right to appeal his
sentence by framing his challenge as "constitutional," *Br. of Appellant*
2, in nature. *United States v. Ballard*, 491 F. App'x 374, 376 (4th Cir.
2012) (unpublished decision) (holding appellate waiver bars "claims
contesting the substantive constitutionality of various conditions

11

of . . . supervised release").   Criminal defendants may knowingly and voluntarily waive "constitutional rights."   *United States v. Robinson*, 744 F.3d 293, 299 (4th Cir. 2014).   And this Court and the Supreme Court have routinely held constitutional arguments barred by guilty pleas or appellate waivers.   *See, e.g.*, *United States v. Broce*, 488 U.S. 563, 573–74 (1989); *United States v. Smiley*, 750 F. App'x 226, 227 (4th Cir. 2019); *United States v. Lebron*, 699 F. App'x 265 (4th Cir. 2017) (unpublished decision); *United States v. Mason*, 495 F. App'x 373, 375 (4th Cir. 2012) (unpublished decision); *Ballard*, 491 F. App'x at 376. This Court's precedent, moreover, establishes that a supervised-release condition is not "constitutionally infirm" if "the condition meets the requirements" of the supervised-release statute, 18 U.S.C. "§ 3583(d)." *United States v. Comer*, 5 F.4th 535, 545 (4th Cir. 2021).   However framed, Stuckey's argument is a contention that the medication "condition[] cannot reasonably be applied" to him — an argument "covered by the appeal waiver."   *Singletary*, 984 F.3d at 345; *Ballard*, 491 F. App'x at 376.

12

Because Stuckey's direct challenge to his supervised-release condition is firmly within the scope of his valid waiver of his right to appeal, this Court should dismiss Stuckey's appeal.   Guilty pleas "are indispensable in the operation of the modern criminal justice system." *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004).   Allowing Stuckey to challenge his sentence on appeal after waiving his right to do so would undermine a primary purpose of his plea agreement.   And it would "eliminate the chief virtues of the plea system — speed, economy and finality."   *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

**B.    Stuckey's challenge to his attorney's performance also warrants dismissal, because ineffective assistance does not conclusively appear from the record.**

This Court should also dismiss Stuckey's claim of ineffective assistance of counsel based on his attorney's omission to object to the prescribed-medication condition.   This Court will consider a claim of ineffective assistance of counsel on a direct appeal from a criminal conviction "only if it conclusively appears from the record" that the appellant's counsel "did not provide effective assistance."   *United*

13

*States v. Martinez*, 136 F.3d 972, 979 (4th Cir. 1998).  Ineffective-

assistance claims that do not meet this standard are "not cognizable on

direct appeal," *United States v. Allen*, 491 F.3d 178, 191 (4th Cir. 2007),

and this court does not "reach" or "address" them, *United States v.*

*Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).  They are, instead, subject to

dismissal.  *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994);

*accord United States v. Wray*, 791 F. App'x 419, 420 (4th Cir. 2020)

(unpublished decision).  The appropriate vehicle for a defendant in an

ordinary federal criminal case to challenge the effectiveness of his

counsel is a motion to vacate, set aside, or correct a sentence under 28

U.S.C. § 2255, to permit development of the record.  *Id.*

Stuckey's ineffective-assistance theory is subject to dismissal

because the record does not conclusively establish that his attorney was

constitutionally deficient.  *Hoyle*, 33 F.3d at 419.  To prevail, Stuckey

would first have to establish that his attorney's performance fell below

an objective standard of reasonableness, judged "from counsel's

perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689

(1984).  This standard requires this Court to "address not what is

14

prudent or appropriate, but only what is constitutionally compelled."
*Burger v. Kemp*, 483 U.S. 776, 794 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984)).   The Supreme Court has explained that the Constitution grants counsel "wide latitude" in "making tactical decisions." *Strickland*, 466 U.S. at 689.   Accordingly, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom.'"  *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).   Stuckey would also have to establish prejudice in the form of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.

An appellate record is ordinarily insufficient to conclusively establish these elements unless the challenged attorney has had an opportunity to explain his conduct.  *United States v. DeFusco*, 949 F.2d

15

114, 121 (4th Cir. 1991) ("[I]t would be unfair to adjudicate the issue without any statement from counsel on the record."). But the record does not establish either of these elements, conclusively or otherwise, in any event.

The record does not come close to establishing, conclusively or otherwise, that counsel was constitutionally deficient for omitting to challenge the supervised-release condition requiring Stuckey to take all mental health medications prescribed by a licensed health-care practitioner. *Cf. Br. of Appellant* 12–16. Stuckey's own report to the district court's probation office, and his medical records, demonstrate that he has a history of mental-health diagnoses and treatment with medication. J.A. 116. Stuckey, moreover, expressed interest in further "mental health treatment." J.A. 116. The reasons for requiring Stuckey to take the medications prescribed for his mental health, while participating in a mental-health treatment program, were "patently obvious." *United States v. Covington*, 65 F.4th 726, 734 (4th Cir. 2023). And district courts enjoy broad discretion in crafting supervised-release conditions, even when challenged on constitutional

16

grounds. *Comer*, 5 F.4th at 545. A reasonable attorney could easily "think" that a challenge to the condition "would have failed." *Premo v. Moore*, 562 U.S. 115, 124 (2011).

Even if Stuckey's attorney believed he had a strong basis to challenge the condition, an omission to do so would have been reasonable. A reasonable attorney could easily conclude that a client with Stuckey's history would be well served by a requirement to take appropriately prescribed medication while on supervision. And a reasonable attorney could also conclude that emphasizing Stuckey's need for mental health treatment could help convince the district court to impose a lower *prison* sentence. Stuckey's attorney ultimately convinced the court that Stuckey was "sincere about turning his life around" after emphasizing Stuckey's "obvious[]" need for "mental health treatment," J.A. 57, and the court imposed a downward-variance sentence. Counsel's choice to agree that Stuckey needed this treatment and advocate for a reduced prison sentence was entirely reasonable. *See Chandler v. United States*, 218 F.3d 1305, 1318 (11th

17

Cir. 2000) (en banc) ("Good advocacy requires 'winnowing out' some arguments . . . to stress others.").

Nor does the record establish a reasonable probability that, had Stuckey challenged the condition, the outcome of his sentencing proceeding would have been "more favorable." *See Missouri v. Frye*, 566 U.S. 134, 148 (2012). In the light of Stuckey's history of mental-health diagnoses and treatment involving medication, he cannot establish a reasonable probability that an objection would have persuaded the district court not to impose the condition. *See Comer*, 5 F.4th at 545 (describing the discretion courts possess to impose conditions that "restrict individuals on supervised release from engaging in otherwise constitutionally protected conduct"). And an effort to persuade the court not to require him to take his prescribed medications may have undercut his successful effort to convince the district court that he was "sincere about turning his life around" and warranted a below-guideline prison sentence. J.A. 68. The record does not come close to establishing, conclusively or otherwise, a

18

reasonable probability that Stuckey would have received a more favorable sentence if his attorney had objected to the condition.

## CONCLUSION

Stuckey knowingly and voluntarily waived his right to appeal his sentence on grounds other than ineffective assistance of counsel, and the ineffective-assistance-of-counsel claim Stuckey presents is not cognizable in this direct appeal.   The United States, therefore, respectfully requests that this Court dismiss Stuckey's appeal.

RESPECTFULLY SUBMITTED, this 1st day of November, 2023.

DENA J. KING
UNITED STATES ATTORNEY

s/Anthony J. Enright
Anthony J. Enright
NY Bar Number 4485140
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone: 704-344-6222
Fax: 704-344-6229
E-mail: anthony.enright@usdoj.gov

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This motion has been prepared using a computer running Microsoft Word 2010, in Century Schoolbook font, and 14-point typeface.

2.    EXCLUSIVE of any materials excluded by Federal Rule of Appellate Procedure 32(f) or under Rule 27(a)(2)(B), the motion contains 3190 words.

I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions.   If the Court so directs, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

s/ Anthony J. Enright
Assistant United States Attorney
USAO Charlotte, NC

## CERTIFICATE OF SERVICE

I certify that I have this day caused to be served a copy of the above motion upon the Appellant by serving his attorney of record through electronic case filing.

This 1st day of November, 2023.

s/Anthony J. Enright
Assistant United States Attorney
USAO Charlotte, NC